9593.   McKENZIE, administratrix, *v.* McKENZIE, executrix.

This action is one at law, based on an express contract, and, whatever
  might be the plaintiff's rights in an equitable proceeding, he was not
  entitled to recover on an agreement to which he was not a party or
  privy, though made for his benefit.

DECIDED NOVEMBER 8, 1918.

Complaint; from city court of Atlanta—Judge Reid.   October
11, 1917.

*Walter S. Dillon,* for plaintiff, cited:  2 Ruling Case Law, 776,
778-9; *Culbreath* v. *Culbreath,* 7 *Ga.* 68; *Phillips* v. *Crews,* 65 *Ga.*
277; *Finch* v. *Cox Co.,* 19 *Ga. App.* 258.

*King & Spalding,* for defendant, cited: *Gunter* v. *Mooney,* 72 *Ga.*
205; *Austell* v. *Humphries,* 99 *Ga.* 408; *Cooper* v. *Claxton,* 122
*Ga.* 596; *Sheppard* v. *Bridges,* 137 *Ga.* 615; *Crawford* v. *Wilson,*
129 *Ga.* 659; Civil Code (1910), § 3733; *Malone* v *Malone,* 137
*Ga.* 429.

JENKINS, J.   J. H. McKenzie brought suit against Eula F.
McKenzie, as executrix of the estate of W. M. McKenzie, alleging
that on or about June 4, 1912, there was a settlement of the affairs
of a certain partnership known as the Sims-McKenzie Grain Com-
pany, of which the plaintiff's son, Ralph L. McKenzie, was a part-
ner; that Ralph L. McKenzie had obtained money from the plain-
tiff to invest in the partnership, and on the date of the settlement
owed him the amount sued for; that in the settlement of the affairs
of the partnership Ralph L. McKenzie received of E. S. Sims,
another partner, a note for $1,884.11; that Ralph L. McKenzie
transferred the note to W. M. McKenzie, deceased, with the under-
standing that the "amount" thereof should be paid by said W. M.
McKenzie to the plaintiff; that although said note has been paid
by said E. S. Sims, W. M. McKenzie has never paid plaintiff
anything on the same, though he told plaintiff many times that
he would do so, and plaintiff brings this suit to recover this sum
from the defendant as executrix of the estate of W. M. McKenzie.
Upon the trial of the case Ralph L. McKenzie testified as follows:
"In the wind up E. S. owed me $1,884.11, and he gave me a

note for that amount, and I turned it over to **J. M.** [W. M.] McKenzie—the amount over to him, and he was to give my father a check for it. . . The note was given by Mr. Sims to me and I indorsed it to W. M., and he turned and gave Mr. Sims a check for $3,000, and that made $4,844, and he took some two or three or four houses on the loan. That wound it up so far as I was concerned. He was to pay my father. It wasn't to be collected. He had Sim's note and he had a deed for these three or four houses from Sims. . . In the agreement of June 4, 1912, Mr. McKenzie agreed to give Mr. Sims a $3,000 check. He agreed to take the note that Mr. E. S. Sims had given to me; he agreed to take that note and to pay my father the $1,884. He made that agreement with me in that contract, he made it with Mr. Sims and myself, that he was to take the note of E. S. Sims indorsed by me, and pay J. H. McKenzie $1,884." The evidence failed to show that the plaintiff was either a party or a privy to such contract, or that the defendant made any promise to the plaintiff himself to pay this money to him. After the conclusion of the plaintiff's testimony, the court passed the following order: "The plaintiff having failed to make out a cause of action under the pleadings, and after the evidence of plaintiff was all in, upon oral motion of the defendant to dismiss this case the same is sustained and the case dismissed." After the case came to this court J. H. McKenzie died, and Ralph L. McKenzie, as administrator of his estate, was made a party in his stead.

As in *Austell v. Humphries,* 99 *Ga.* 408 (27 S. E. 736), the action here must be "considered to be one at law based upon an express contract" (*Sheppard* v. *Bridges,* 137 *Ga.* 615; 629, 74 S. E. 245) ; and, whatever might be the plaintiff rights in a proper equitable proceeding, he can not maintain the present legal remedy by which he seeks to enforce an agreement to which he was not a privy, and which was made between other and different parties. The allegations of the petition, together with the evidence for the plaintiff by Ralph L. McKenzie, bring the case squarely within the ruling made in *Sheppard* v. *Bridges,* supra.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*